UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

        Plaintiff,

  v.

D. LACROIX,

        Defendant.

No. 2:22-cv-0513 AC P

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

I.    <u>Three Strikes Analysis</u>

Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). ECF No. 2. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded

from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). A dismissal for failure to state a cause of action upon which relief could be granted based on untimeliness can constitute a strike where the untimeliness is clear on the face of the complaint. Belanus v. Clark, 796 F.3d 1021, 1023, 1027 (9th Cir. 2015).

Inspection of other cases filed by plaintiff has led to the identification of at least five cases that qualify as strikes.[1] The court takes judicial notice of the following lawsuits filed by plaintiff:[2]

1. Williams v. Kerkfoot, C.D. Cal. No. 2:14-cv-7583 GW KK (case dismissed on May 15, 2015, as facially barred by the statute of limitations (ECF No. 18 (findings and recommendation); ECF No. 21 (order adopting findings and recommendation))
2. Williams v. Young, C.D. Cal. No. 2:14-cv-8037 PA KK (case dismissed on May 19, 2015, as facially barred by the statute of limitations (ECF No. 17)
3. Williams v. Aparicio, C.D. Cal. No. 2:14-cv-8640 PA KK (case dismissed on February 5, 2015, as facially barred by the statute of limitations (ECF No. 8 (findings and recommendation); ECF No. 9 (order adopting findings and recommendation))

////

---

[1] The Ninth Circuit has also determined that plaintiff has accrued at least three strikes. In Williams v. De La Garza, 9th Cir. No. 20-56298, among other cases, the Ninth Circuit denied plaintiff's motion to proceed in forma pauperis on the ground that he had had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim.

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

All of the preceding cases were dismissed well in advance of the March 21, 2022 filing of the instant action, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

The complaint alleges that plaintiff was subjected to threats and an excessive use of force on January 28, 2022, and was issued a rules violation report on February 4, 2022, to cover up the use of force. ECF No. 1. These allegations do not demonstrate an imminent danger of serious physical injury at the time of filing. Plaintiff also asserts that he is in imminent danger of serious physical injury because the defendant said he was a "snitch" for reporting the excessive force, putting him in danger from other inmates. Id. at 6. However, the allegation that plaintiff was called a "snitch," without more, fails to demonstrate the necessary imminent danger. Particularly since plaintiff is alleging that defendant called him a snitch for reporting excessive use of force by a correctional officer. Because plaintiff has not alleged facts showing that he was in imminent danger of serious physical injury at the time of filing, the undersigned will recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.     Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

////

IT IS FURTHER RECOMMENDED that plaintiff be ordered to pay the entire $402.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 23, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE